IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DESHAUN ROBERTS, by and through
his Guardian ad Litem, Jasmine Robinson,

    Plaintiff,

  v.

CITY OF SAN FRANCISCO, ALEX
JAYSON, and DOES 1–25,

    Defendants.

No. C 19-05280 WHA

**ORDER RE MOTION TO DISMISS AND MOTION TO APPOINT GUARDIAN AD LITEM**

**INTRODUCTION**

In this action for civil rights violation; battery; Bane Act violation; negligent hiring, supervision, and retention; and negligence, defendant Sheriff of the City of San Francisco moves to dismiss all claims of negligence. Plaintiff inmate moves to appoint his aunt as *guardian ad litem*. For the following reasons, both motions are **GRANTED**.

**STATEMENT**

On April 18, 2019, defendant Sheriff's Deputy Alex Jayson physically attacked plaintiff inmate Deshaun Roberts in San Francisco County Jail #5. Roberts allegedly left his cell in the afternoon and Deputy Jayson ordered him to return. Roberts alleges that he felt he was being wrongly instructed to go back to his cell, so he asked for a grievance form and walked towards a table instead. Deputy Jayson allegedly began pushing Roberts to his cell which caused Roberts to slip off the staircase railings. Deputy Jayson then allegedly punched Roberts in the face and

body before issuing multiple knee strikes to his stomach as he lay on the ground. Roberts alleges that he did not resist being detained during this entire period. Deputy Jayson alleges that he needed to gain Roberts' compliance through physical control because Roberts verbally and physically resisted orders (Dkt. Nos. 1 at 3–4; 18 at 3).

In June 2019, Roberts' timely claim under Section 910 of the California Government Code against the City and County of San Francisco was rejected. In August 2019, Roberts filed this complaint claiming violation of fourth amendment rights; battery; Bane Act violation; negligent hiring, supervision, and retention; and negligence against defendants City of San Francisco, Sheriff Vicki Hennessey, Sheriff's Deputy Alex Jayson, and DOES 1–25 (Dkt. No. 1 at 1, 4). Defendants move to dismiss all claims of negligence against defendant Sheriff Vicki Hennessey. In October 2019, Roberts filed a motion to appoint *guardian ad litem*. This order follows full briefing and oral argument.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. Dismissal is only proper if there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1990).

1. **PLAINTIFF FAILS TO ALLEGE NEGLIGENT HIRING, SUPERVISION AND RETENTION AGAINST SHERIFF VICKI HENNESSEY.**

The Supreme Court of California has held that individual employees cannot be liable to third parties for negligent hiring, supervision, and retention in the absence of a "special relationship." *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 869 (2012). The situation here is quite different from the circumstances in which California courts have found the existence of a "special relationship." In *C.A. v. William S. Hart Union High School District*, the Supreme Court of California held that school administrators could be individually liable for their negligence in the hiring, supervision, and retention of a school employee who

2

sexually harassed and abused a student. The court grounded its holding in the "special relationship" between administrators and their students, which the court analogized to that between parents and their children. *Id*. At 869.

In his fourth claim for relief, Roberts alleges that Sheriff Hennessey is liable for the negligent hiring, supervision, and retention of Deputy Jayson. In the opposition, Roberts contends that Sheriff Hennessey had a "special relationship" with him because he was an inmate at a San Francisco County jail that operates under Sheriff Hennessy control (Dkt. No. 11 at 4). He argues that the "comprehensive control over inmates/detainees exercised by San Francisco County jail personnel and Sheriff Hennessey in particular" created a duty to protect him from harm. Roberts contends that this duty included exercising care in the selection, retention, training, and supervision of employees like the school personnel in *William S. Hart* (*ibid*.). This order disagrees.

Roberts likens his relationship with Sheriff Hennessey to the prisoner and jailer in *Giraldo v. Department of Corrections & Rehabilitation* (Dkt. No. 11 at 6). That case was different, however, because it involved a sheriff's deputy's duty to prevent a foreseeable altercation among inmates. *Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal. App. 4th 231, 245 (2008). The relevant relationship for this order is between Sheriff Hennessey and Roberts, not Roberts and Deputy Jayson. Neither our court of appeals nor the Supreme Court of California recognize a "special relationship" between a sheriff and jail inmate. So too here. Roberts does not make any factual allegations showing that Sheriff Hennessey is liable for negligent hiring, supervision or retention. Because his allegations are conclusory and do not establish a "special relationship" between himself and Sheriff Hennessey, the motion to dismiss this claim is **GRANTED WITH PREJUDICE**.

### 2. ROBERTS FAILS TO STATE A CLAIM OF NEGLIGENCE AGAINST SHERIFF VICKI HENNESSEY.

In his fifth claim for relief, Roberts broadly alleges negligence against all defendants. Roberts never identifies Sheriff Hennessey's conduct, so apparently attempts to hold her vicariously liable for Deputy Jayson's alleged conduct. In the opposition, Roberts clarifies his argument that Sheriff Hennessey is liable for negligence under Section 844.6(d) of the California

3

Government Code. This is not the proper form. Furthermore, our court of appeals and the Supreme Court of California do not recognize the Code to extend to holding a sheriff vicariously liable for injury to a prisoner. This claim against Sheriff Hennessey, therefore, fails as a matter of law and the motion to dismiss this claim is **GRANTED WITH PREJUDICE**.

### 3. JASMINE ROBINSON IS APPOINTED GUARDIAN AD LITEM.

Roberts moves to appoint his aunt, Jasmine Robinson, as *guardian ad litem* (Dkt. No. 10). The defendants do no oppose this motion (Dkt. No. 13). Robinson has provided a sworn statement that she consents to act as Roberts' *guardian ad litem* and that Roberts has been adjudicated mentally incompetent to stand trial by the Contra Costa County Superior Court (Dkt. No. 10-1). That decision has not been appended to the motion. Still, in light of the representations made under oath by Robinson that Roberts is mentally incompetent to represent his own interests in this action, that he has no other general guardian, and that she accepts the responsibility, the motion that Jasmine Robinson be appointed *guardian ad litem* for Deshaun Roberts is **GRANTED**. In future filings, the caption should be revised so that it is in accordance with this order.

### CONCLUSION

To the extent above, the motion to dismiss is **GRANTED** and the motion to appoint *guardian ad litem* is **GRANTED**.

**IT IS SO ORDERED.**

Dated: November 14, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE